DENNIS K. BURKE
United States Attorney
District of Arizona

WENDY L. KIM
Special Assistant United States Attorney
Arizona State Bar Number 023308
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7537
E-mail: wendy.kim@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>1) 2006 Harley Davidson,<br>　VIN: 1HD1FVW126Y702247<br>2) 2006 Big Dog Chopper,<br>　VIN: 5J11YBJ196W000181,<br><br>　　　　　Defendants. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

Plaintiff, United States of America, by and through its attorneys, Dennis K. Burke, United States Attorney for the District of Arizona, and Wendy L. Kim, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a verified complaint for forfeiture *in rem* brought pursuant to the Controlled Substances Act, Title 21, United States Code, Section 881(a) and Title 18, United States Code 981(a)(1)(A) and (C), seeking to forfeit the following: (1) 2006 Harley Davidson, VIN:1HD1FVW126Y702247, (2) and 2006 Big Dog Chopper, VIN:5J11YBJ196W000181.

**THE DEFENDANTS *IN REM***

2. The defendants consist of the following property: (1) 2006 Harley Davidson, VIN:1HD1FVW126Y702247 ("2006 Harley Davidson") (2) 2006 Big Dog Chopper, VIN: 5J11YBJ196W000181("Big Dog Chopper"). The Drug Enforcement Administration ("DEA")

seized the 2006 Harley on April 9, 2009 from a residence owned by Timothy Wayne Allen, located at 7201 North 37th Avenue, Phoenix, Arizona. The DEA seized the Big Dog Chopper on May 21, 2009, from a residence owned by Tena Allen, located at 922 Stones Bluff Place, Camby, Indiana. The 2006 Harley is currently in the custody of the United States Marshals Service in Yuma, Arizona. The Big Dog Chopper is currently in the custody of the United States Marshals Service in Indianapolis, Indiana.

## JURISDICTION AND VENUE

3. The plaintiff brings this action *in rem* in its own right to forfeit the defendant property. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

5. Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and 28 U.S.C. § 1395, because the action accrued in this district.

7. The defendant property is now, and during the pendency of this action, will be in the jurisdiction of this Court.

## BASIS FOR FORFEITURE

8. The 2006 Harley and the Big Dog Chopper are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they represent proceeds of trafficking in controlled substances in violation of Title II of the Controlled Substances, 21 U.S.C. §§ 801, *et seq*.

9. The 2006 Harley is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it constitutes a conveyance or vehicle which was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*.

10. The Big Dog Chopper and the 2006 Harley are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) because they constitute property involved in a transaction or attempted transaction or property traceable to such property in violation of 18 U.S.C. §§ 1956 and 1957, or a conspiracy to commit such a violation.

## **FACTS**

**Timothy Allen**

11. Tena Allen is the sister of Timothy Wayne Allen ("Allen").

12. In its investigation, the DEA identified Allen as a purchaser and distributor of marijuana, dating back to on or about 2007.

13. In November 2008, law enforcement learned Allen was purchasing large amounts of marijuana in Arizona and transporting the marijuana to midwestern states for sale.

14. To facilitate and finalize the marijuana transactions, Allen used his motorcycles, including his 2006 Harley, to drive to the residences of those involved in the marijuana transactions.

15. Allen made bi-weekly trips to the Phoenix, Arizona area to purchase, repackage, and transport marijuana loads to Indiana.

16. At least four marijuana transactions involving Allen, a broker, and a seller occurred since November 2008.

17. The drug transactions Allen conducted involved large bricks or bales of marijuana, ranging from 10 to 20 pounds each. The marijuana loads ranged in amounts from 60 to 200 pounds.

18. On April 9, 2009, investigators executed a search warrant on Allen's residence located at 7201 North 37th Avenue, Phoenix, Arizona.

19. Inside the home, investigators found rolls of contact paper, among other items.

20. Based upon the agent's knowledge, training, and experience, drug traffickers commonly keep paraphernalia for packaging, cutting, weighing, and distributing narcotics. These paraphernalia include, scales, plastic bags, duct tape, and cutting agents.

21. In the garage, behind a small closet door that had been nailed shut, investigators discovered approximately 392 pounds of marijuana. The 18 bales of marijuana were wrapped in cellophane or contact paper.

22. A sample from the marijuana seized from Allen's residence was sent to Southwest Laboratory for analysis on April 13, 2009. The lab results confirmed the substance was marijuana.

23. On April 8, 2009, Allen was arrested and interviewed based upon his involvement in the drug trafficking organization.

24. When asked about houses he had purchased, Allen answered he purchased a house five or six months ago in Indiana.

25. Allen stated he did not own any other properties other than his home in Indiana.

26. According to Maricopa County, Arizona property records, Allen purchased and owned two residences in the Phoenix area since on or about October 2008.

27. Maricopa County property records show Allen purchased a home located at 509 West Mobile Lane, Phoenix, Arizona on or about October 24, 2008 and a home located at 7201 North 37th Avenue, Phoenix Arizona on or about October 27, 2008.

28. Indiana property records show Allen purchased a home at 2915 Collier Street, Indianapolis, Indiana, on March 22, 2002 for $75,810.00, and a property located at 1613 Carrollton Avenue, Indianapolis, Indiana, purchased on June 22, 2006 for $36,500.00.

29. Allen informed investigators he was a licensed contractor who built houses. Allen stated he also repaired vehicles. Allen stated that because of the economy, he had not been working much.

30. Allen used the proceeds of the sale of marijuana to invest in motorcycles, businesses, and real estate properties in Indiana and Arizona.

31. Based upon training, knowledge, and experience, law enforcement have learned that drug traffickers commonly amass large proceeds from the sale of drugs and attempt to legitimize these proceeds.

32. On October 30, 2009, Allen pleaded guilty, to one count of knowingly and intentionally combining, conspiring, confederating, and agreeing with other persons to possess with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846; one count of knowingly and intentionally possessing with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2; and one count of knowingly and willfully making false, fraudulent, and fictitious material statements and representations to the DEA, stating in response to a question whether he owned any property other than his home in Indiana, that he did not own any other properties, in violation of 18 U.S.C. § 1001.

**Tena Allen**

33. On May 21, 2009, investigators interviewed Tena Allen, at her residence in Indiana.

34. Tena Allen stated that Allen had purchased multiple properties.

35. Tena Allen estimated they owned 13 or 14 empty lots and four or five homes.

36. Tena Allen stated that Allen would buy the properties for cash and transfer the properties to her company, T.A.K.E. 3 Investments, LLC.

37. According to Indiana Secretary of State records, T.A.K.E. 3 Investments, LLC, was created on October 2, 2006. Tena Allen is named as the registered agent.

38. Indiana property records show that in October 2006, Allen transferred the titles for approximately 13 properties to T.A.K.E. 3 Investments, LLC.

39. Tena Allen stated she did not pay Allen any money for any of the transferred properties.

40. Tena Allen stated that the properties were deeded to her company without any mortgages.

41. Tena Allen stated that the properties would then be remodeled and sold.

42. Tena Allen stated that once a property was sold she and Allen would split the profits.

43. Tena Allen claimed that all the transaction records for the properties were kept at her sister's house.

44. Tena Allen stated Allen was co-owner of a used car lot called Cars 4 U.

45. According to Indiana Secretary of State records, Cars 4 U Auto Sales, LLC was created on March 16, 2007. Tena Allen is named as the registered agent.

46. Tena Allen further advised that she and her brother, Allen used to own a business called Reptile Cycles, but they closed it because they were not making any money and were unable to find good help.

47. According to Indiana Secretary of State records, Reptile Cycles Rebuild, LLC was created on March 25, 2008. Tena Allen is named as the registered agent. Articles of Dissolution were filed and became effective on August 11, 2009.

48. When asked where the motorcycles from Reptile Cycles were, Tena Allen stated that she currently had a couple of motorcycles in her garage.

49. Tena Allen advised that one of the motorcycles belonged to Allen and the other belonged to them both.

50. Tena Allen advised that Allen worked as a contractor, but she did not know where his money comes from and was not sure what types of jobs he was doing.

51. Tena Allen stated she brought Allen's tax documents to H&R Block to be filed this year. She further stated that Allen told her to take his 1099's to H&R Block and to use the same deductions from the previous year.

52. At the end of the interview, DEA advised Tena Allen that the two motorcycles in her garage would be seized.

53. As the motorcycles were being removed from the garage, Tena Allen made comments that she did not know how to start either one of the motorcycles and knew nothing about motorcycles.

**Telephone Conversations**

54. Investigation revealed numerous telephone calls between Allen and Tena Allen while Allen was incarcerated at Corrections Corporation of America.

55. On April 23, 2009, Allen placed a telephone call to Tena Allen in which they discussed the advertisement and pricing of different vehicles and motorcycles for sale on the Cars 4 U sales lot.

56. During this conversation they also discussed collecting rent from a tenant, collecting payment for a truck, and installing alarms on Allen's home in Indiana.

57. Later that same day, Allen placed another call to Tena Allen in which they discussed where he wanted his motorcycles moved and the repair of two vehicles on the Cars 4 U sales lot.

58. On April 24, 2009, Allen told Tena Allen to inform a judge in one of his legal matters that he was only earning $36,000.00 per year.

59. On June 9, 2009, Timothy Allen filed a claim with DEA in a related administrative forfeiture action and submitted copies of three 1099's, showing he earned a total of $98,632.00 in 2008.

60. Based upon the above telephone conversations, law enforcement agents believe that Allen used Tena Allen to continue running his automotive business, manage his money, and to contact numerous people to assist his family while he was incarcerated.

**Administrative Forfeiture Action**

61. On August 13, 2009, Tena Allen submitted a claim in the DEA administrative forfeiture action claiming ownership of the 2006 Harley and the Big Dog Chopper.

62. Tena Allen submitted a $14,000.00 cancelled Reptile Cycles Rebuild, LLC check from Chase bank made out to Geico, dated November 6, 2008, with her claim.

### FIRST CLAIM

63. The 2006 Harley and the Big Dog Chopper represent proceeds of trafficking in controlled substances in violation of Title II of the Controlled Substance Act, 21 U.S.C. §§ 801, *et seq*. and are, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM

64. The 2006 Harley is a conveyance or vehicle which was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*., and are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

### THIRD CLAIM

65. The Big Dog Chopper and the 2006 Harley are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) because they constitute property involved in a transaction or attempted transaction or property traceable to such property in violation of 18 U.S.C. § 1956, or a conspiracy to commit such a violation.

### FOURTH CLAIM

66. The Big Dog Chopper and the 2006 Harley are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) because they constitute property involved in a transaction or attempted transaction or property traceable to such property in violation of 18 U.S.C. § 1957, or a conspiracy to commit such a violation.

## **CLAIM FOR RELIEF**

WHEREFORE, the United States of America prays that process of warrant *in rem* issue for the arrest of the defendants; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendants be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this 10th day of November, 2009.

DENNIS K. BURKE
United States Attorney
District of Arizona


*s/Wendy L. Kim*

WENDY L. KIM
Special Assistant United States Attorney